IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Pamila Ndanyi, | ) | C.A. No. 6:18-2531-HMH-JDA |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Aureon HR I Inc., Woodland at Furman, | ) | |
| Bobby Kimmons, and Brady Reese, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacqueline D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Pamila Ndanyi ("Ndanyi") alleges that she was terminated in retaliation for filing a South Carolina Workers' Compensation claim and discrimination charges with the South Carolina Human Affairs Commission ("SCHAC") and the Equal Employment Opportunity Commission ("EEOC"). Magistrate Judge Austin recommends granting the Defendants' motion to dismiss with respect to Ndanyi's EEOC-related retaliation claim arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), and remanding the remaining state law claims to the state court. After review and for the reasons set forth below, the court adopts the magistrate judge's Report and Recommendation.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

Defendants Bobby Kimmons, Brandy Reese, and The Woodlands at Furman[2] (collectively "Defendants") filed objections to the Report and Recommendation. (Objs., generally, ECF No. 16.) Ndanyi did not file any objections. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendants present one specific objection. Defendants object to the magistrate judge's recommendation that Ndanyi's remaining state law claims be remanded to the state court. Defendants argue that the court should retain supplemental jurisdiction over Ndanyi's state law retaliation claim related to her discrimination charge filed with the SCHAC and dismiss it because it is barred by the applicable statute of limitation. (Objs. 2-3, ECF No. 16.)

Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." Hinson v.

---

[2] Defendants The Woodlands at Furman and Brandy Reese were incorrectly identified in the complaint as "Woodland at Furman" and "Brady Reese."

Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001). Ndanyi has presented one federal claim arising under Title VII for retaliation for filing a discrimination charge with the EEOC, and both Ndanyi and Defendants agree that this federal claim should be dismissed. (Resp. Opp'n Mot. Dismiss 1, ECF No. 12 ("Plaintiff admits that she does not have a cause of action under Federal Law and most particularly Title VII[.]"); Objs. 1, ECF No. 16.) Thus, only two state law claims for retaliation remain related to Ndanyi's workers' compensation claim and SCHAC charge. Accordingly, it is within the court's discretion to remand the remaining state law claims to the state court because no claims over which the court has original jurisdiction remain.

Defendants argue that the court should retain supplemental jurisdiction over Ndanyi's retaliation claim related to her SCHAC charge based on Ketema v. Midwest Stamping, Inc.. No. 05-1866, 2006 WL 1307934 (4th Cir. May 12, 2006) (unpublished); (Objs. 2, ECF No. 16.) However, in Ketema, the United States Court of Appeals for the Fourth Circuit held that the lower court abused its discretion in not retaining supplemental jurisdiction over the plaintiff's remaining state law claims where the action was originally filed in federal court, it had been pending for a lengthy period of time, discovery had been completed, and refiling the action in state court would be fruitless because the statute of limitations period had run. Id. at *1. Conversely, Ndanyi's action was originally filed in state court, has been pending for a short period of time, discovery has not been completed, and the action will not need to be refiled in state court. Accordingly, the court declines to retain supplemental jurisdiction over either remaining state law claims.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation.

It is therefore

**ORDERED** that the Defendants' motion to dismiss, docket number 6, is granted in part with respect to Ndanyi's Title VII claim and denied in part with respect to Ndanyi's state law claims. It is further

**ORDERED** that Ndanyi's state law claims are remanded to the state court.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
November 20, 2018

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.